

**NUMBER 13-10-00678-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**LUIS AGUILAR,**  **Appellant,**

**v.**

**THE STATE OF TEXAS,**  **Appellee.**

---

**On appeal from the 28th District Court
of Nueces County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Chief Justice Valdez**

A jury found appellant, Luis Aguilar, guilty of murder. *See* TEX. PENAL CODE ANN.

§ 19.02 (West Supp. 2011). The trial court sentenced Aguilar to twenty-five years'

confinement. Aguilar's appellate counsel, concluding that the appeal in this cause is

frivolous, filed an *Anders* brief, in which he reviewed the merits, or lack thereof, of the appeal.  We affirm.

## I.     *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Aguilar's appellate counsel has filed a motion to withdraw and a brief with this Court stating that after "diligently review[ing] the entire record in this cause and the law applicable thereto," he has concluded "that there are no grounds of error upon which an appeal can be predicated."  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Aguilar's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment.  Counsel specifically noted that after reviewing the record he has concluded the following:  (1) no jurisdictional error exists; (2) no procedural error is apparent; (3) the evidence is sufficient to support the judgment: (4) "no evidence [exists] to support [an] abuse of discretion by the Court"; and (5) there is nothing in the record supporting a claim for ineffective assistance of trial counsel.  Counsel has demonstrated that he has complied with the requirements of

*Anders* by (1) examining the record and finding no arguable grounds to advance on appeal, (2) serving a copy of the brief and motion to withdraw as counsel on Aguilar, (3) providing Aguilar with a copy of the record, and (4) informing Aguilar of his right to review the record and to file a pro se response raising any ground of error or complaint which he may desire. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Counsel has informed this Court that he has forwarded a copy of his brief to Aguilar and has informed Aguilar of his right to file a pro se response. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Aguilar has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief; however, we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

3

### III.   MOTION TO WITHDRAW

In accordance with *Anders*, Aguilar's attorney has asked this Court for permission to withdraw as counsel.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Aguilar and advise him of his right to file a petition for discretionary review.[1]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of April, 2013.

---

[1] No substitute counsel will be appointed.  Should Aguilar wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See id.* R. 68.3.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* R. 68.4.